## BREWER *vs.* CURTIS.

Where one turned out property, as his own, to be taken by a collector for the payment of taxes, which property was afterwards replevied by a third person who claimed to be the owner, it was held that the first was not a competent witness in such suit, for the collector, he being liable to the collector on his implied covenant of title.

In an action of replevin originally commenced in the Court of Common Pleas, in which the plaintiff prevailed, he was held to be entitled only to " quarter costs," the property replevied not *exceeding* twenty dollars in value.

THIS was an action of replevin for a cow, valued in the writ at twenty-five dollars. The defendant pleaded the general issue and filed a brief statement, alleging that the property was in one *Anderson Brewer,* as whose it was seised for the payment of taxes, he, the defendant, being collector of taxes for the town of *Freeport.*

Much evidence was introduced by the plaintiff, tending to show her property in the cow, which was met by counter evidence on the part of the defendant, and tending to show that the cow was the property of *Anderson Brewer.*

It also appeared, that at the time the cow was taken by the defendant, she was in the possession of one *Rogers,* to whom she had been leased for a year by *Hezekiah Brewer,* in the absence of the plaintiff.

It was also in evidence, that *Anderson Brewer* turned out the cow to be taken by the collector, as his property.

*Anderson Brewer* was offered as a witness by the defendant, but was objected to by the plaintiff, and the objection was sustained by the Court.

The counsel for the defendant contended, that the action could not be maintained by the plaintiff during the existence of the lease to *Rogers* — and that if a right of action existed any where it was in *Rogers* — that no action could be maintained against the officer until after a demand, though there were no lease to *Rogers* for a specified time, yet he being rightfully in possession of her at the time of the taking.

*Parris J.* instructed the jury, that if at the time of the taking by the defendant the cow was in *Rogers'* possession, under lease from *Mrs. Brewer,* the plaintiff, or her authorised agent ;

or if *Hezekiah Brewer* leased the cow without any authority from the plaintiff, and she subsequently ratified or assented to it, then this action could not be maintained. But the jury found specially that the plaintiff did not authorise or assent to any lease to *Rogers*.

The jury were also instructed, that if the cow was not in *Rogers*' possession under lease, but he was merely employed to keep her for the plaintiff, then his possession was so far the plaintiff's possession that she might maintain this action — and that no previous demand was necessary.

The jury returned a general verdict for the plaintiff, and also found specially the fact before stated, and further, that the cow was worth only twenty dollars when taken.

The defendant moved for a new trial on the ground of erroneous ruling of the Court and misdirection to the jury — and also because the verdict was against the evidence. The verdict was to be affirmed or set aside, as the opinion of the whole Court should be upon the questions raised.

*Belcher*, for the defendant, contended that the evidence in the case shew a lease, and that the Court should so have instructed the jury. The facts being proved, whether they amounted to a lease or not was a question of law and should not have been left to the jury. *Attwood* v. *Clark*, 2 *Greenl.* 249.

He contended also, that *Anderson Brewer* was a competent witness, and cited *Lothrop* v. *Muzzy*, 5 *Greenl.* 450 ; and *Page* v. *Weeks*, 13 *Mass.* 199.

He also entered into a minute examination of all the evidence in the case, and endeavored to show that the verdict was against evidence.

A question was also made in regard to the cost — the defendant's counsel insisting that the plaintiff was not entitled to full cost, the value of the property replevied not *exceeding* twenty dollars.

*Mitchell*, for the plaintiff, controverted the positions taken on the other side, and touching the question of costs, cited *Maine Stat.* ch. 186, 443, 193 ; *Harding* v. *Harris*, 2 *Greenl.* 162 ; *Powell* v. *Hinsdale*, 5 *Mass.* 343.

WESTON C. J.— No question is raised in the report of the Judge, as to the form of the verdict. It is for the plaintiff, on all the points in controversy, and enough is found to entitle him to judgment, unless the verdict is set aside on account of other objections presented in the case.

Whether the cow was under lease to the witness, *Rogers*, or whether he was a mere keeper of her for the plaintiff, was in our judgment a question of fact properly left to the jury.

With regard to the competency of *Anderson Brewer*, as a witness for the defendant, if when the defendant took the cow, he had been merely passive, he might have been admitted, according to the case of *Lothrop* v. *Muzzy*, 5 *Greenl.* 450, cited in the argument. But the case finds that the witness turned out the cow to the defendant. By this act a warranty was implied, that she was his property. It was decided that a vender was thus liable, in the case of *Hale* v. *Smith*, 6 *Greenl.* 416 ; and we are of opinion, that this case comes within the principle there settled. Being bound therefore, under his implied warranty, to indemnify the defendant, he had a direct interest in his favor. A verdict against the defendant, would be evidence against the witness offered. He might also be liable to the plaintiff, if she failed here, in consequence of his having turned out her cow. But the question of property would be open in an action between her and the witness, not affected by a verdict against her between these parties. He might prevail in such an action ; so that his interest in this case, arising from his liability to her, is not certain and direct, as it is in favor of the defendant. We hold the witness therefore to have been incompetent, and rightfully rejected.

It is urged that the verdict, being against evidence, ought not to be sustained. It may have been made to appear that the cow came from another, transferred by the husband of the plaintiff to *Anderson Brewer*, by the bill of sale of July, 1826. That was made for the nominal consideration of one dollar ; but the real consideration therein expressed was, that *Anderson* should maintain his father and his mother, the plaintiff, during their lives and the life of the survivor. The father died the same year. If *Anderson*, as the case finds, became insolvent, and unable to support the plaintiff, it was but an act of justice in him to make over to

her a small part of the property, charged with her maintenance. She was *cestui que trust* of the property, as far as it was wanted for her support. If the cow ever was *Anderson's,* it appears that long before she was turned out to the defendant, he permitted her to be taken away as his mother's property, upon her being claimed as such. She is after all a sufferer by his failure ; and it would be great injustice to permit a creditor of his to wrest from her the trifling provision he was able to make for her support. We regard the verdict upon this point clearly in accordance ,with the justice of the case.

By the act, in addition to an act, regulating judicial process and proceedings, statute of 1822, *ch.* 186, § 2, it is provided, that when in an action of replevin, part of the goods replevied are found to be the property of the plaintiff, and part of the defendant, and the value found for the plaintiff, does not exceed twenty dollars, he shall recover cost only to the amount of one fourth of the value. It has been the policy of the law to limit and restrict costs, in favor of the plaintiff, where an action is originally brought in the Common Pleas, for property of a less value than twenty dollars. And such is the general law, where debt or damage is recovered. *Stat. of* 1821, *ch.* 59, § 30. Cases of replevin do not strictly fall within the limitation there expressed ; but the same rule is very strongly implied in the statute of 1822. Jurisdiction having been since given to Justices of the Peace in actions of replevin, for property not exceeding the value of twenty dollars, statute of 1829, *ch.* 443, the plaintiff may elect a tribunal, which will subject him to no peril as to costs. It is one attended with less expense to suitors, and to which they can at all times have access. There is the same reason for protecting its exercise, by limiting costs, if other jurisdictions are sought, in actions of replevin for property of a value not exceeding twenty dollars, as exists in other cases. And viewing the statutes together, bearing upon this point, we are satisfied that the Legislature must have so intended. The late Chief Justice of this Court makes an intimation to the same effect in *Ridlon* v. *Emery,* 6 *Greenl.* 261. And we think that the plaintiff cannot be allowed costs, exceeding one fourth part of the value of the property.

*Judgment on the verdict.*